# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1999 SESSION


FILED

January 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| Appellee | ) | NO. 02C01-9810-CC-00301 |
| | ) | |
| VS. | ) | HENRY COUNTY |
| | ) | |
| TONY BERNARD WILLIAMS, | ) | HON. JULIAN P. GUINN, |
| | ) | JUDGE |
| Defendant | ) | |
| | ) | |
| IN RE: ALLEGHENY MUTUAL | ) | |
| CASUALTY CO. | ) | (Bond Forfeiture) |
| | ) | |
| Appellant | ) | |

**FOR THE APPELLANT:**

**VICTORIA L. DIBONAVENTURA**
104 W. Washington Street, Ste. A
P. O. Box 1231
Paris, TN 38242

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**ELIZABETH T. RYAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**ROBERT "GUS" RADFORD**
District Attorney General

**STEVEN L. GARRETT**
Assistant District Attorney General
P. O. Box 94
Paris, TN 38242

**OPINION FILED:** _____

**REVERSED**

**JOE G. RILEY,**

**JUDGE**

**O P I N I O N**

This is an appeal by Allegheny Mutual Casualty Company as a result of a bond forfeiture ordered by the Circuit Court of Henry County. The state concedes the trial court erred in ordering the forfeiture. We agree and reverse the judgment of the trial court.

## PROCEDURAL HISTORY

Defendant, Tony Bernard Williams, made a $5,000 bond with Allegheny Mutual Casualty Company on charges of selling cocaine. Subsequently, the defendant entered a guilty plea to selling cocaine and received a sentence of three years with six months to be served in the county jail and the balance on supervised probation.

Probation violation warrants were subsequently issued with bonds set; however, defendant did not make bond on these warrants. The trial court revoked probation and ordered the defendant to serve the remainder of the sentence. The trial court also ordered that judgment be taken on the original appearance bond for the cost of transporting the defendant from Illinois on the probation violation warrants. The amount of the claim was $324.93.

Allegheny Mutual Casualty Company filed a motion to set aside the bond forfeiture. The trial court denied the motion, and this appeal followed.

## ANALYSIS

This Court has previously determined that when Tenn. Code Ann. § 40-11-130 and 138 are read together, a surety's obligation on the original appearance bond does not continue after sentencing while the defendant is serving an alternative sentence. State v. Sharon Melton, C.C.A. No. 01C01-9612-CC-00497, Franklin County (Tenn. Crim. App. filed March 12, 1998, at Nashville). Pursuant to

3

the express language of Tenn. Code Ann. §40-11-138(b), the surety is relieved of its liability on the original bond upon the trial court's acceptance of the defendant's guilty plea and the announcement of the sentence.  Id.  We continue to adhere to this statutory interpretation.

The judgment of the trial court is reversed.

_____
**JOE G. RILEY, JUDGE**


**CONCUR:**


_____
**DAVID G. HAYES, JUDGE**


_____
**JOHN EVERETT WILLIAMS, JUDGE**